*United States v. Brown*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of June, two thousand twenty-one.

PRESENT*:    JOSÉ A. CABRANES,
                            *Circuit Judge,*
            TIMOTHY C. STANCEU,
                            *Judge.*†

---

UNITED STATES OF AMERICA,

        *Appellee-Cross-Appellant,*

        v.

JEROME BROWN, AKA JAMEL BROWN,

        *Defendant-Appellant-Cross-Appellee.*

18-2063-cr (L)
18-2220-cr (XAP)

---

**FOR APPELLEE-CROSS-APPELLANT:**    ROBERT SOBELMAN, Geoffrey S. Berman, United States Attorney for the Southern

---

* Circuit Judge Peter W. Hall died before the filing of this summary order; the appeal is being decided by the remaining members of the panel, who are in agreement. *See* 2d Cir. IOP E(b).

† Judge Timothy C. Stanceu, Judge of the United States Court of International Trade, sitting by designation.

1

District of New York, Karl Metzner (*on the briefs*), New York, NY.

**FOR DEFENDANT-APPELLANT
-CROSS-APPELLEE:**

COLLEEN P. CASSIDY, Federal Defenders of New York, Inc., New York, NY.

Cross-appeals from a July 9, 2018 judgment of conviction and sentence of the United States District Court for the Southern District of New York (Kimba M. Wood, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED** in part and **REMANDED** in part.

Defendant-Appellant-Cross-Appellee Jerome Brown ("Defendant" or "Brown") appeals a judgment of the District Court convicting him of one count of felony possession of a firearm in violation of 18 U.S.C. § 992(g)(1) and sentencing him to 27 months of imprisonment, followed by two years of supervised release. Defendant contends (1) that the District Court's erroneous rulings at trial deprived him of his right to a fair trial and (2) that it was reversible plain error to convict him without evidence that he knew of his status as a felon at the time he possessed the firearm. The government appeals the sentence imposed by the District Court. The government argues that the District Court, in sentencing Brown, relied on the erroneous holding that Brown's conviction under N.Y. Penal Law ("NYPL") §120.05 (1) for attempted assault in the second degree was not a conviction for a "crime of violence" within the meaning of the United States Sentencing Guidelines ("Guidelines") U.S.S.G. § 4B1.2(a)(1). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. Here we consider only Brown's challenges to his judgment of conviction. We address the government's cross appeal in an opinion filed simultaneously with this order.

Brown challenges the District Court's rulings (1) declining to limit answers given by the government's expert witness Inspector Alfred Hernandez ("Hernandez") on cross examination (2) preventing Brown's counsel from asking arresting Officer Daniel Vargas ("Vargas") whether Vargas thought Brown intended to distribute marijuana or whether Brown was arrested for distributing marijuana (3) permitting the government to re-question defense witness Lakeisha Phillips ("Phillips") (4) permitting the government to distort Phillips's testimony in its closing argument and (5) preventing Brown's counsel from rebutting the government's argument based on the distortion of Phillips' testimony. Brown also argues that, even if none of the challenged rulings individually warrant reversal, they together constitute reversible cumulative error. We review a district court's

2

decision to admit or exclude testimony for abuse of discretion. Improper prosecutorial remarks provide grounds for reversal only if they deprive the defendant of a fair trial.[1]

Upon review of the record, we conclude that Brown's challenges to the District Court's rulings fail. Brown makes much of one long and speculative answer Hernandez gave to a question on cross examination but does not explain how this answer prejudiced his defense and does not acknowledge that the District Court, over the government's objection, elicited from Hernandez a concise and direct answer to the same question.[2] The District Court reasonably precluded the testimony from Vargas, which would have had minimal probative value and risked confusing the issues in the case. The District Court also reasonably permitted the government to engage in what Brown's counsel herself described as a "continuation" (not a reopening) of the cross examination of Phillips[3] and to which counsel initially consented with no apparent reservations.[4] Furthermore, Brown requested and used the opportunity for redirect questioning after cross was completed. The District Court also properly allowed the government, in its closing argument, to provide a reasonable interpretation of Phillips's ambiguous testimony. Finally, the court properly sustained the government's objections to Brown's closing arguments speculating about motives and perceptions of non-witnesses, and these rulings did not preclude Brown from correcting any purported distortion of Phillips's testimony or challenging inferences the government drew from that testimony. Since Brown identifies no individual errors, his assertion of cumulative error also fails.

Brown also argues for vacatur of his conviction on the ground that the Government did not meet its burden under *Rehaif v. United States*, 139 S. Ct. 2191 (2019)—a case the Supreme Court decided more than a year after the District Court entered the judgment at issue here—to show that Brown knew of his status as a convicted felon when he possessed the firearm.[5] Because Brown raises this claim for the first time on appeal, we review for plain error, and inquire whether "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings."[6] It is undisputed that Brown satisfies the first two plain-

---

[1] *See United States v. Helmsley*, 941 F.2d 71, 96 (2d Cir. 1991).

[2] *See* Appellant's App'x, 256-57 (October 4, 2017 Trial Transcript ("Trial Tr."), 269:25-270-10).

[3] *Id.* at 326 (Trial Tr. at 338:4-15).

[4] *Id.* at 298 (Trial Tr. at 311:19-21) ("MS. BAUMGARTEL: . . . So we can proceed with our other witnesses. And if the government wants to recall [Phillips] about something, we can do that.")

[5] *Rehaif*, 139 S. Ct. at 2194.

[6] *United States v. Miller*, 954 F.3d 551, 557–58 (2d Cir. 2020) (internal quotation marks omitted.)

error prongs, but we agree with the government that he fails to satisfy the fourth prong and therefore need not consider whether he satisfies the third. As the government argues, the prosecution could have readily and irrefutably proved that Brown knew he was a felon and in fact likely would have done so, had the court not, upon Brown's motion, excluded evidence relating to Brown's prior convictions. As we have recently held in similar circumstances, the failure to comply with the later-announced rule in *Rehaif* did not "seriously affect the fairness, integrity, or public reputation of judicial proceedings" and indeed, "[t]o the contrary, accepting [Brown's arguments for vacatur] would have that effect."[7]

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the July 9, 2018 judgment of the District Court as to Brown's conviction. As to Brown's sentence, for the reasons set forth in an opinion published simultaneously with this summary order, we **REMAND** the cause to the District Court for resentencing.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[7] *Id.* at 559.